IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

**LEKIMBERLY GIVENS**                                                                                                   **PLAINTIFF**

v.                          Case No.: 2:14-cv-00135 KGB

**ALLSTATE INSURANCE COMPANY**                                                                       **DEFENDANT**

## ORDER

Before the Court is plaintiff Lekimberly Givens's motion to remand to state court (Dkt. No. 4), to which defendant Allstate Insurance Company ("Allstate") has responded (Dkt. No. 6). For the following reasons, the Court grants in part and denies in part Ms. Givens's motion and remands this action to the Circuit Court of Philips County, Arkansas.

Ms. Givens originally filed this action in the Circuit Court of Philips County, Arkansas. Defendant Allstate Insurance Company ("Allstate") removed the action to this Court under 28 U.S.C. §§ 1441 and 1446. Section 1441 allows a defendant to remove a case from a state court to a federal court if the action could have been brought originally in federal court. *See* 28 U.S.C. § 1441. "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., et al. v. Owens*, 135 S. Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)).

Allstate argues in its removal papers that this Court has diversity-of-citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332. Under §1332, the Court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. Here, the parties do not dispute that they are citizens of different states. Rather, the parties dispute the amount in controversy.

Generally, under § 1446, "if removal of a civil action on the basis of jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Nonetheless, "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). "[R]emoval of the action is proper on the basis of an amount in controversy asserted [in the notice of removal] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000.00]." 28 U.S.C. § 1446(c)(2)(B). When a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See, e.g.*, *In re Minn. Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003); *Guy v. State Farm Auto. Ins. Co.*, No. 3:13-cv-00229 JLH, 2013 WL 6511927, at *1 (E.D. Ark. Dec. 12, 2013). "In making this determination, the court must resolve all doubts in favor of a remand to state court." *Haynes v. Louisville Ladder Grp., LLC*, 341 F. Supp. 2d 1064, 1066 (E.D. Ark. 2004) (citing *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993)).

Rule 8(a) of the Arkansas Rules of Civil Procedure provides, in pertinent part, "[i]n claims for unliquidated damage, a demand containing no specified amount of money shall limit recovery to an amount less than required for federal court jurisdiction in diversity of citizenship cases, unless language of the demand indicates that the recovery sought is in excess of that amount." The Reporter's Notes to Rule 8 state that "[t]he obvious purpose of this section is to prevent a plaintiff from using unliquidated demands to avoid removal of diversity of citizenship cases to federal court." *See also Interstate Oil & Supply Co. v. Troutman Oil Co.*, 972 S.W.2d 941, 943 (Ark. 1998); *Cox v. Vernon*, 226 S.W.3d 24, 26 (Ark. Ct. App. 2006).

In a prior case, on different facts, the Arkansas Supreme Court interpreted Arkansas Rule 8(a) as "determin[ing] jurisdiction only." *Interstate Oil*, 972 S.W.2d at 943. "The fact that a party can state the amount of damages he suffered only approximately, we said, is not a sufficient reason for disallowing damages if from the approximate estimates a satisfactory conclusion can be reached." *Id.* at 944 (holding that plaintiff could seek damages in excess of federal amount in controversy minimum where plaintiff did not indicate a specific amount of damages in its complaint, previously indicated that it was demanding $184,950.00 in damages, and defendant did not attempt to remove the case to federal court).

State rules of civil procedure do not determine federal jurisdiction. *Haynes*, 341 F. Supp. 2d at 1068. Nevertheless, a plaintiff is the master of her complaint and may limit her claims to avoid federal jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove"); *Guy*, 2013 WL 6511927, at *2.

As noted above, however, even if a plaintiff alleges a specific amount of damages below the jurisdictional amount, the Court's inquiry is not over. As reflected in § 1446, the Fifth Circuit has stated:

> [I]f a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was legally certain not to be able to recover that amount. In other words, where the plaintiff's claims can be proved to be of the type that are worth more than $[75,000] they can be removed unless the plaintiff can show he is legally bound to accept less.

*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1341 n.14 (5th Cir. 1995).

As some circuit courts and courts in this district have noted, the potential availability of judicial estoppel arguments by defendants in state court may protect against a plaintiff "chang[ing] legal positions in an attempt to achieve an award in excess of [the minimum amount

3

for federal jurisdiction].ced" *Morgan v. Gay*, 471 F.3d 469, 477 n.9 (3rd Cir.2006); *see also Guy*, 2013 WL 6511927, at 2.  Courts have observed the availability of judicial estoppel as a means for legally binding a plaintiff to the amount of damages pleaded in a complaint.  *See id.*; *Guy*, 2013 WL 6511927, at *2.  The Supreme Court of Arkansas recognizes the doctrine of judicial estoppel.  *Dupwe v. Wallace*, 140 S.W.3d 464, 471–72 (Ark. 2004); *see also Guy*, 2013 WL 6511927, at *2.

In this case, Ms. Givens alleges in her verified complaint that she "sustained a fire loss at the home she owned on or about May 5, 2014, causing damages and total loss of property" (Dkt. No. 2, ¶ 2).  Ms. Givens claims that she has demanded payment of $74,000.00 upon Allstate and that Allstate "has failed and refused to pay said benefits to which the Plaintiff is entitled" (Dkt. No. 2, ¶3).  In her motion to remand, Ms. Givens states that her complaint seeks damages not to exceed $74,000.00 (Dkt. No. 4, ¶ 5).  Ms. Givens's verified complaint states "[t]hat pursuant to the laws of the State of Arkansas that Plaintiff is entitled to judgment as referred to hereinabove together with appropriate interest, 12% penalty and a reasonable attorney's fee to be taxed by the Court not to exceed $74,000.00" (Dkt. No. 2, ¶ 5).  Further, the prayer for relief in Ms. Givens's verified complaint seeks "her costs herein expended, 12% penalty, interest and attorney fees as by statute provided and for all good and proper relief to which Plaintiff in good conscience may be entitled all not to exceed $74,000.00" (*Id.* at 2).

In its notice of removal, Allstate contends that, although Ms. Givens's complaint seeks damages "not to exceed $74,000.00, Plaintiff's damages are clearly above that amount, calculated by Defendant to be $112,448.24" (Dkt. No. 1, ¶ 4).  In support of this stated amount of potential damages, Allstate attaches to its notice of removal a "Replacement Cost Estimate" for Ms. Givens's property which appears to have been prepared by Allstate (Dkt. No. 1, at 68). Allstate claims that Ms. Givens "refused to enter into a Stipulation whereby Plaintiff and her

4

counsel would stipulate they would claim less than $75,000.00 at any time during this lawsuit" (*Id.*). Allstate "belie[ves] Plaintiff, more probably than not, may seek damages in excess of $75,000.00, exclusive of interest and cost" (*Id.*). Lastly, Allstate argues that, considering the 12% penalty and attorney's fees that may be awarded in this case pursuant to Arkansas statute, the amount in controversy exceeds $75,000.00 (Dkt. No. 7).

Allstate has not met its burden to show by a preponderance of the evidence that the amount in controversy is actually more than $75,000.00. Despite Allstate's argument regarding the addition of at 12% penalty and attorney's fees, Ms. Givens's prayer for relief in her verified complaint clearly claims damages not to exceed $74,000.00 total, which includes Ms. Givens's "costs herein expended, 12% penalty, [and] interest and attorney fees as by statute provided" (Dkt. No. 2, at 2). Under the general rule, Ms. Givens is the master of her complaint and may limit her damages below the federal jurisdictional amount.

Allstate's self-prepared estimate of the costs to replace Ms. Givens's property does not persuade this Court that Ms. Givens will seek damages exceeding the asserted $74,000.00 in her complaint or that the real amount in controversy exceeds that amount. The fact that Ms. Givens's insurance policy contains a facial limit of liability of $122,580.00 and might allow Ms. Givens to assert damages in excess of $75,000.00, if she so wished, does not in and of itself establish federal court jurisdiction. Courts maintain that if "the insurer's obligation to pay" is in dispute instead of "the validity of a policy," then the face value of the insurance policy is not a proper measure of the amount in controversy. *See Hawkins v. Aid Ass'n for Lutherans*, 338 F.3d 801, 805 (7th Cir. 2003); *see also In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d at 835; *Lutz v. Protective Life Ins. Co.*, 328 F. Supp. 2d 1350, 1355 (S.D. Fla. 2004). Likewise, Allstate's attached letter from its counsel purporting to confirm a conversation with Ms. Givens's counsel that Ms. Givens will not stipulate to recovery for less than $75,000.00 does not

overcome Ms. Givens's own representations in her verified complaint and those in her affidavit attached to the motion to remand regarding her stipulation of the amount of total damages being sought. Allstate has not argued that there are other claims that Ms. Givens may or intends to add to her complaint for which she may at some point seek additional damages.

This case is materially different from Arkansas cases interpreting Arkansas Rule of Civil Procedure 8(a). For example, in *Troutman Oil*—where the Arkansas Supreme Court held that a plaintiff was not limited to damages equaling the federal jurisdictional minimum—the plaintiff did not allege a specific amount of damages in its complaint, indicated that it was demanding nearly $200,000.00, and the defendant did not attempt to remove the case to federal court. Here, on the other hand, Ms. Givens has stated a specific amount of damages in her verified complaint with a total limit represented by her to be below the federal jurisdictional minimum, nothing on the record before the Court indicates that Ms. Givens is actually seeking more than $74,000.00, and Allstate has attempted to remove the case to federal court. Moreover, Allstate's attempted removal, along with Ms. Givens's representations to this Court in her filings that she "cannot receive any amount that exceeds $74,000 based on her prayer in her complaint" (Dkt. No. 4, at 1) and her representations in her verified complaint that such amount includes the 12% statutory penalty and attorney's fees, enables Allstate to seek judicial estoppel in Arkansas state court to bind legally Ms. Givens's damages to those asserted in her verified complaint, if such need arises. *See Guy*, 2013 WL 6511927, at *2 (noting that the elements of the judicial estoppel doctrine in Arkansas include that a party must assume a position clearly inconsistent with an earlier position taken in the case with the intent to manipulate the judicial process to gain an unfair advantage, that the party must have successfully maintained the position in an earlier proceeding, and that the integrity of the judicial process of at least one court must be injured by the inconsistent positions taken).

For the foregoing reasons, the Court finds that the amount in controversy in this matter is below the federal jurisdictional amount of $75,000.00 under 28 U.S.C. § 1332.  Accordingly, the Court does not have removal jurisdiction over this case and grants Ms. Givens's motion to remand to the extent that it requests this Court to remand this action to the Circuit Court of Phillips County, Arkansas (Dkt. No. 4).

In her motion to remand, Ms. Givens also asks that the Court award costs, attorney's fees, and any and all other proper relief. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "[T]he standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, the Court declines to find that Allstate lacked an objectively reasonable basis for seeking removal, and Ms. Givens has not demonstrated unusual circumstances in this case.  Therefore, the Court denies Ms. Givens's motion to remand to the extent that it seeks an award for costs and attorney's fees.

SO ORDERED this 12th day of August, 2015.

*/s/ Kristine G. Baker*
Kristine G. Baker
United States District Judge